United States District Court
District of Massachusetts

| | |
|---|---|
| Calvin Wedington, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>Warden F.J. Bowers, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>23-40147-NMG |

MEMORANDUM & ORDER

GORTON, J.

Before the Court is a motion of the United States ("the government") to dismiss a pro se petition for a writ of habeas corpus filed by petitioner, Calvin Wedington ("petitioner"). Petitioner did not file an opposition to the motion to dismiss. For the reasons that follow, the motion will be allowed.

Petitioner is a federal prisoner who was sentenced to life in prison in 1982 for the second-degree murder of his pregnant wife. While housed at a federal medical center in Minnesota in 2005, petitioner was ordered civilly committed for mental health treatment by the United States District Court for the District of Minnesota, pursuant to 18 U.S.C. § 4245. See United States v. Wedington, No. 05-CV-767 (DSD/SRN), 2005 WL 8187249, *1 (D. Minn. June 2, 2005). The Bureau of Prisons later transferred petitioner to FMC Devens in Massachusetts where he now resides.

Throughout petitioner's period of incarceration, he has raised many challenges to his civil commitment in the District of Minnesota, most recently in 2019. See United States v. Wedington, No. CV 05-767 (DSD/SER), 2019 WL 5206207, at *1 (D. Minn. Oct. 16, 2019), aff'd, 805 F. App'x 449 (8th Cir. 2020). Petitioner then filed a petition for writ of habeas corpus in this Court in 2023. Two of the three grounds asserted in his petition were dismissed in a prior order, leaving only his claim that he received ineffective assistance of counsel leading up to his civil commitment in 2005.[1] Petitioner has since moved to transfer his case to the Central Division of the District of Massachusetts.[2] Now, the government moves to dismiss the habeas petition on the grounds that this Court lacks subject matter jurisdiction over the petition.

A person who is committed under §4245 has the right to bring a petition for writ of habeas corpus to challenge the validity of his confinement. See 18 U.S.C. §4247(g). If a petitioner seeks a discharge from confinement, the proper court in which to raise that challenge is the one that ordered the civil commitment. Garcia v. Spaulding, 324 F. Supp. 3d 228, 235

---

[1] Defendant attempted to appeal that decision but the First Circuit dismissed it for lack of subject matter jurisdiction and failure to prosecute.

[2] Petitioner misconstrues the distinction between subject matter jurisdiction and venue in his motion but in light of his pro se status, the Court will construe the motion as a request for transfer of venue to the Central Division. See Rodi v. New Eng. Sch. of L., 389 F.3d 5, 13 (1st Cir. 2004).

(D. Mass. 2018). If, however, he challenges only "the manner of execution of his commitment" at a facility without challenging the validity of his confinement overall, he may bring his claim in the district where he is being confined. Id.

Here, petitioner challenges the civil commitment by claiming that he had received ineffective assistance of counsel. His petition raises no challenge to the manner or execution of his commitment since his transfer to FMC Devens, only to the constitutionality of his confinement in the first instance.

Because petitioner challenges the overall validity of his civil commitment, not the manner or conditions of his confinement specifically at FMC Devens, his petition can only properly be brought in the District of Minnesota, the court that ordered his commitment. See 18 U.S.C. § 4247(h) (authorizing civilly committed person to challenge his confinement "with the court that ordered the commitment"); see also Weiler v. Kijakazi, No. CV 21-11614-NMG, 2021 WL 4754767, at *1 (D. Mass. Oct. 12, 2021) ("[A]ny request for release from confinement must be filed with the committing court."); Commey v Grondolsky, No. 13-13079-RBC, 2 F.Supp.3d 48, 49-50 (D. Mass. 2014) (same).

By contrast, this Court is without authority to address the relief petitioner seeks. His request for a writ of habeas corpus must therefore be dismissed. See Weiler 2021 WL 4754767, at *1 (dismissing pro se challenge to validity of commitment

because only the court that ordered commitment, not this Court, could properly grant petitioner's request for release); Commey, 2 F.Supp.3d at 49-50 (same); Phelps v. Haas, No. 06-cv-40163, 2007 WL 2827416, at *1 (D. Mass. Sept. 26, 2007) (same); cf. Garcia, 324 F. Supp. 3d at 235 (accepting this Court's authority to address habeas petition challenging manner of petitioner's commitment at FMC Devens based on his ongoing medical condition, not validity of civil commitment overall). Based upon that order of dismissal, petitioner's pending request for a transfer of venue in this case to the Central Division of the District of Massachusetts will be denied as moot.

### ORDER

For the foregoing reasons,

1) the motion of the government to dismiss the petition for a writ of habeas corpus filed by petitioner, Calvin Wedington (Docket No. 18) is **ALLOWED**;

2) the motion of petitioner, Calvin Wedington, to transfer this case to the Central Division of the District of Massachusetts (Docket No. 14) is **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 25, 2024